COMMONWEALTH of Kentucky, ex rel. Dacoma WALKER, Mother of the Child Daytonia Walker Appellant,

v.

ESTATE OF Antonio Orlando SULLIVAN, a/k/a Tony Sullivan and Mary Alice Clark, Administratrix, Appellees.

Commonwealth of Kentucky, ex. rel. Keysha Spaulding, Mother of the Child Kameren Spaulding, Appellant,

v.

Estate of Antonio Orlando Sullivan, a/k/a Tony Sullivan and Mary Alice Clark, Administratrix, Appellees.

Nos. 1998–CA–001029–DG, 1998–CA–001033–DG.

Court of Appeals of Kentucky.

Aug. 6, 1999.

**2.** The Jessamine County Fire Department's appeal is moot.

R. Barry Minton, Assistant Fayette County Attorney, Lexington, for appellant.

David F. Pratt, Lexington, for appellees.

Before: BUCKINGHAM, COMBS, and McANULTY, Judges.

## OPINION

McANULTY, Judge.

This is a discretionary review of consolidated paternity actions which were brought by the Fayette County Attorney's Office against the estate of Antonio (Tony) Sullivan. Tony Sullivan died in October 1994. The issue is whether the county attorney has standing to bring an action after the death of the putative father solely to determine paternity, but not child support. We find that the county attorney lacks standing to bring these actions, and affirm the order of the Fayette Circuit Court dismissing them.

On January 9, 1997, the Fayette County Attorney's Office filed a paternity action in Fayette District Court upon the complaint of Keysha Spaulding, who is the mother of Kameren Spaulding, against the estate of Tony Sullivan. The complaint alleged that Tony Sullivan was the biological father of Kameren Spaulding. On January 10, 1997, the county attorney filed a paternity action in Fayette District Court upon the complaint of Dacoma H. Walker, mother of the child Daytonia O. Walker, against the estate of Tony Sullivan. The complaint alleged that Tony Sullivan was the biological father of Daytonia Walker.

The estate of Tony Sullivan (hereinafter appellee) filed a motion to dismiss in both actions for lack of jurisdiction, contending that after the death of the putative father the county attorney did not have authority to bring these actions. The district court granted the motions to dismiss. The district court made a factual finding that there was a wrongful death settlement of which one or both of the children could be entitled to a share if Sullivan is established as their natural father. The district court found the "real purpose" of the petitions was to determine whether the children could share in the settlement. The court concluded this was not a proper basis for a paternity action by the county attorney. The county attorney appealed the order to the Fayette Circuit Court, which affirmed. We granted discretionary review.

Appellee agrees that an action to adjudicate paternity survives the death of the putative father, but maintains that in these circumstances it must be brought in circuit court as an action involving a claim against an estate. Appellee also argues that the county attorney is not authorized to bring a paternity action to determine distribution rights to a wrongful death settlement. The county attorney concedes that the estate has no assets from which an order of child support could be enforced, but states that the issue of paternity remains to be adjudicated. The county

attorney contends that he is the proper party to bring these actions, pursuant to his statutory authority in KRS 406.021. We disagree.

The Uniform Act on Paternity, codified at Kentucky Revised Statute Chapter 406, provides for an adjudication of paternity in district court. The action is brought by the county attorney or by the Cabinet for Families and Children upon the request of a proper complainant. Chapter 406 contains no statutory authority for a paternity action to be filed after the father's death. KRS 406.041, which provides that after the father's death his estate is obligated for his liabilities under Chapter 406, does not apply since there was no order obligating Sullivan to support the children prior to his death.

Where the county attorney does not have the possibility of obtaining a child support order from the putative father's estate, he lacks standing to bring a paternity action. In *Wood v. Wingfield*, Ky., 816 S.W.2d 899, 905 (1991), the Kentucky Supreme Court stated that the purpose of a paternity action is to "establish the duty of support during the child's minority." *See also Sumner v. Roark*, Ky.App., 836 S.W.2d 434, 438 (1992), (paternity action gives mother, child, person or agency substantially contributing to support of the child a remedy to compel support). Since the county attorney cannot obtain a child support order in this action, the county attorney has no interest to pursue.

■ Furthermore, as there is no issue of collection of child support present in this case, there is no need for a Chapter 406 paternity action. A paternity action in the district court is not the exclusive means of establishing paternity. The Supreme Court stated in *Wood:*

> While paternity *may* be established by a paternity action during a child's minority, paternity can also be established by a declaratory judgment action before or after the death of the putative father, an action to settle the estate, an action to quiet title, or by an action ... for allowance of the intestacy share as a necessary condition of which the fact that the plaintiff is a child of the decedent must be established.

816 S.W.2d at 905. The complainants have remedies in the circuit court, in which both paternity and entitlement to wrongful death proceeds can be determined.

For the foregoing reasons, we affirm the dismissal of the paternity actions against the estate.

All concur.